OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MITCHELL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 







 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MITCHELL
2017 OK 90
Case Number: SCBD-6561
Decided: 11/14/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 90, __ P.3d __

 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
ALLAN E. MITCHELL, Respondent.

ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 Pursuant to Rule 8 (Resignation Pending Disciplinary Proceedings), Oklahoma Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, Respondent submitted an affidavit, filed October 6, 2017, seeking to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law pending disciplinary proceedings. On the same date Complainant filed an application to this Court for an order approving the resignation of Respondent. Upon consideration of the matter we find:

1. Respondent executed an affidavit on September 29, 2017, wherein he asks to be allowed to resign his membership in the OBA and relinquish his right to practice law. Although he is aware his resignation is subject to the approval of this Court within its discretion, he intends it to be effective from the date of its execution and represents he will conduct his affairs accordingly.

2. Respondent's resignation was freely and voluntarily tendered, he was not subject to coercion or duress, and he was fully aware of the consequences of submitting his resignation.

3. Respondent is aware that a grievance was lodged against him, DC 15-117, and is pending with the Office of the General Counsel of the OBA. The grievance alleges that from approximately 2008 through 2014, Respondent improperly obtained Department of Public Safety media emails for the purpose of obtaining and forwarding accident report information to employee(s) of his law firm. The grievance alleges that from 2008 though 2012 the emails were obtained by Respondent establishing and controlling a fictitious media outlet solely for that purpose and that from 2012 through 2014, Respondent improperly obtained the emails from an Oklahoma Highway Patrol Trooper. The grievance alleges that the employee(s) would use the Department of Public Safety media emails to identify and contact accident victims on Respondent's behalf for the purpose of soliciting professional employment. The grievance further alleges that Respondent trained, controlled, supervised, and paid the employee(s) to solicit and recommend his services as an attorney.

4. Respondent is aware that, if proven, the allegations concerning his conduct would constitute violations of Rules 7.2(b), 7.3(a), 8.4(b), and 8.4(c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2011, ch. 1, app. 3-A, Rule 1.3, RGDP, and his oath as an attorney. Respondent waives any right to contest the allegations.

5. Respondent's Oklahoma Bar Association Number is 16280 and he was admitted to membership in the OBA on September 29, 1994. Respondent's official roster address is: P.O. Box 3635, McAlester, Oklahoma 74501. Respondent has tendered his OBA membership card to the Office of the General Counsel.

6. Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and has agreed to comply with the provisions of such Rule.

7. Respondent acknowledges and agrees he may be reinstated to practice law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that pursuant to Rule 8.2, RGDP, he may make no application for reinstatement to the practice of law prior to the expiration of five years from the effective date of the Order approving his Resignation Pending Disciplinary Proceedings.

8. Respondent acknowledges that as a result of his conduct, the Client Security Fund may receive claims from his former clients and agrees that should the Oklahoma Bar Association approve and pay such claims, he will reimburse the Client Security Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

9. Respondent acknowledges and agrees he is to cooperate with the Office of the General Counsel in identifying any active client cases wherein documents and files need to be returned to the client or forwarded to new counsel, and any fees or refunds owed by him to clients.

10. Respondent acknowledges that the OBA has filed an Application to Assess Costs in this matter and that he may be responsible to reimburse same.

11. The resignation pending disciplinary proceedings of Respondent is in compliance with Rule 8.1, RGDP.

¶2 IT IS ORDERED that Complainant's application for an Order approving the resignation of Respondent, Allan E. Mitchell, is granted and Respondent's resignation is accepted and approved, and his right to practice law is relinquished.

¶3 IT IS FURTHER ORDERED that Respondent's name, Allan E. Mitchell, be stricken from the Roll of Attorneys and that he may not apply for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the effective date of this Order.

¶4 IT IS FURTHER ORDERED that Respondent shall comply with Rule 9.1, of the Rules Governing Disciplinary Proceedings.

¶5 IT IS FURTHER ORDERED that Respondent shall pay costs in the amount of $185.96 to the Oklahoma Bar Association within ninety (90) days of the date of this Order.

DONE BY ORDER OF THE SUPREME COURT the 13th day of November, 2017.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.